IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KHALIF ANUTANI,** <br>            **Plaintiff,** <br> <br>     **v.** <br> <br> **DIVERSIFIED CONSULTANTS INC.,** <br>            **Defendant.** | CIVIL ACTION <br> <br> <br> <br> NO.  16-4221 |

## MEMORANDUM OPINION

Plaintiff Khalif Anutani brings this case against Defendant Diversified Consultants, Inc., asserting claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Defendant has filed a motion for summary judgment.[1]  The motion shall be granted.

**I.    BACKGROUND**

Plaintiff filed suit *pro se* and *in forma pauperis* against Defendant, alleging that Defendant accessed his credit report without a permissible purpose, in violation of the FCRA. Defendant has submitted an affidavit indicating that it obtained Plaintiff's credit report for the purposes of collecting on a debt that was placed with Defendant by Verizon Wireless ("Verizon").  Def.'s Br. Ex. A. (Dkt. No. 5-2).  Plaintiff denies that he owed a debt to Verizon

---

[1] "[S]ummary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'"  *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56(c)).  "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof."  *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-26 (1986); *Anderson*, 477 U.S. at 248-52).  In deciding a motion for summary judgment, "[t]he reviewing court should view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor."  *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013).  However, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.  *Celotex*, 477 U.S. at 322-23.  "[T]he non-movant may not rest on speculation and conjecture."  *Ramara, Inc. v. Westfield Ins. Co.*, 814 F. 3d 660, 666 (3d Cir. 2016).  Unless otherwise specified by the Court, a party may file for summary judgment "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

and also contends that Defendant has failed to provide evidence that Verizon placed the debt with Defendant.

## II.    DISCUSSION

The FCRA imposes civil liability on any person who willfully or negligently obtains a consumer credit report for a purpose that is not authorized by the statute.  15 U.S.C. §§ 1681b(f), 1681n(a), 1681*o*.  Among the permissible purposes enumerated by the statute is "to use the information in connection with a credit transaction involving the consumer . . . and involving the extension of credit to, or review *or collection of an account of,* the consumer."  15 U.S.C. § 1681b(a)(3)(A) (emphasis added).  The Third Circuit has held that this provision allows debt collectors to access credit reports for the purpose of collecting on debts placed with the debt collector by another entity, including debts arising from a credit account.  *See Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).[2]

Here, Defendant has submitted an affidavit from its Chief Compliance Officer stating that Defendant accessed Plaintiff's credit report as part of its efforts to collect on a debt that Verizon placed with Defendant.  Plaintiff has countered that he does not, in fact, owe the debt to Verizon and that Defendant has failed to demonstrate that Verizon actually placed the debt with Defendant.  However, the permissible purpose at issue in this case allows access to a consumer credit report when the user has an "intent to use" the information to collect on the debt.  Given

---

[2] Plaintiff further argues, based on a reference to the definition of "Account" cross-referenced in the FCRA, that the "collection of an account" is a permissible purpose only when the account is "a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes."  15 U.S.C. §§ 1681a(r)(4), 1693a(2).  However, applying this definition to the permissible purpose provision would contradict the holding in *Huertas* that the collection of a debt on a *credit* account is a permissible purpose.  *See Huertas*, 641 F.3d at 34.  Furthermore, limiting the permissible purpose provision to "collection of" checking, savings, or other asset accounts would render the provision incoherent, since asset accounts do not generally involve a "collection."  The Court therefore concludes that the definition cited by Plaintiff does not apply to the permissible purpose provision at issue in this case.  *See Demaestri v. Asset Acceptance Capital Corp.*, Nos. 11-cv-1671, 11-cv-1672, 2012 WL 1229907, at *4 (D. Colo. Mar. 14, 2012) (concluding that the definition of "account" in 15 U.S.C. § 1693a does not apply to the permissible purpose provision at 15 U.S.C. § 1681b(a)(3)(A)).

this language, courts have routinely held that establishing a violation on the part of a user of the report requires evidence that the user either knew or should have known that it did not intend to use the credit report to collect on a debt.  *See, e.g.*, *Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 435 (D. Del. 2012).  It is not enough to show that the user was mistaken about the validity of its purpose.  *Id.*  Defendant's affidavit is sufficient to establish that Defendant accessed Plaintiff's credit report with the intent to use that report to collect on a debt.

Plaintiff objects that he has not had an opportunity to conduct discovery to oppose Defendant's motion.  However, to be entitled to discovery prior to disposition of a motion for summary judgment, the non-moving party must show that there are "facts essential to justify [his] opposition" that are unavailable to him.  Fed. R. Civ. P. 56(d).  Plaintiff has not made this showing.  Even if he does not actually owe a debt to Verizon, this would not undermine Defendant's permissible purpose.  To prevent summary judgment, Plaintiff would need to present facts that Defendant did not intend to use the credit report to collect on the purported Verizon debt.  In other words, Plaintiff's opposition relies on the speculation that Defendant's representative submitted a false affidavit.  Speculation that an affidavit is false does not demonstrate that facts are unavailable.  Since there are no remaining genuine issues of material fact at this juncture, Defendant's motion for summary judgment shall be granted.

Dated:  January 9, 2017

**BY THE COURT:**

/s/ Wendy Beetlestone
_____
**WENDY BEETLESTONE, J.**